UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-126 (NEB/TNL)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

IMPERIAL KADACI JAPRAY AMARU FRAZIER,

    Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and defendant Imperial Frazier (hereinafter referred to as "the defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota (hereinafter "the United States" or "the government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges.** The defendant agrees to plead guilty to Count One of the Indictment, which charges the defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The defendant fully understands the nature and elements of the crime with which he has been charged.

2. **Factual Basis.** The defendant is pleading guilty because he is in fact guilty of Count One of the Indictment. By pleading guilty, the defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:



On the morning of March 17, 2022, in the State and District of Minnesota, the defendant knowingly possessed a Glock GMBH Model 19 9mm pistol bearing serial number BVGY593 ("the firearm"). The defendant possessed the firearm while driving his vehicle in Rosemount, Minnesota. Officers of the Rosemount Police Department discovered the firearm after they stopped the defendant while driving. Officers on routine patrol saw the defendant driving a black Saturn. The officers recognized the car from prior encounters with the defendant and knew the defendant had a felony warrant for his arrest. The officers also observed the defendant speeding, and noticed the car did not have a front license plate. The officers initiated a traffic stop. The defendant fled the officers, at one point driving into oncoming traffic. Eventually, the defendant crashed into a tree and totaled the car. Officers approached the car. The defendant, who was the only occupant of the car, jumped out and fled on foot. Eventually, officers found the defendant hiding in a hot tub outside a nearby house and arrested him.

Officers who remained with the car searched it, and their search revealed the firearm underneath a blue coat in the back seat. The firearm had an extended magazine and was equipped with an attached conversion device, commonly known as a "switch" or "auto sear," enabling it to be fired as a fully automatic weapon by a single function of the trigger. Officers also found a black bag on the driver's seat that contained (1) a jar of marijuana, (2) a jar containing two bags of a white substance (5.69 grams of cocaine in one and 3.25 grams of an unknown substance in the other), (3) a small container containing 16 Oxycodone pills, (4) a small bottle containing 54

Xanax pills, and (5) a scale with marijuana residue on it. Finally, officers found the defendant's wallet in the center console of the car with his driver's license in it, and the defendant's iPhone on the floor.

The firearm was manufactured in Austria, and necessarily traveled in interstate and foreign commerce before the Defendant possessed it on March 17, 2022.

When the defendant possessed the firearm on March 17, 2022, he had been convicted of the following crimes, each of which was punishable by imprisonment for a term exceeding one year:

| Crime | Jurisdiction | Date of Conviction (on or about) |
|---|---|---|
| Felon in Possession of a Firearm | Scott County, MN | April 9, 2018 |
| First Degree Aggravated Robbery | Scott County, MN | May 3, 2018 |

Prior to March 17, 2022, the defendant knew he had been convicted of at least one offense punishable by imprisonment for a term exceeding one year.

The defendant admits and agrees that he knowingly possessed the firearm on March 17, 2022. He further stipulates and agrees that he acted voluntarily, and that he knew his actions violated the law.

3. **Waiver of Pretrial Motions.** The defendant understands and agrees that he has certain rights to file pre-trial motions in this case. As part of this plea agreement and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to file any pre-trial motions.

4. **Waiver of Constitutional Trial Rights.** The defendant understands that he has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one would be appointed to represent him. The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5. **Additional Consequences.** The defendant understands that because of his conviction, he could experience additional consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

6. **Statutory Penalties.** The defendant understands that Count One of the Indictment is a felony offense that carries the following statutory penalties:

    a.    a maximum of 10 years in prison;

    b.    a maximum supervised release term of 3 years;

4

    c.    a maximum fine of $250,000; and

    d.    a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A).

7.    **Guidelines Calculations.** The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guidelines calculations:

    a.    <u>Base Offense Level</u>. The parties agree that, because the offense involved a semiautomatic firearm that is capable of accepting a large capacity magazine, and a firearm that is described in 26 U.S.C. § 5845(a), and the defendant committed the instant offense subsequent to sustaining a felony conviction of a crime of violence, the base offense level is **22**. U.S.S.G. § 2K2.1(a)(3).

    b.    <u>Specific Offense Characteristics</u>. The parties agree that the base offense level is increased by **4 levels** because the defendant committed the offense in connection with another felony offense. U.S.S.G. § 2K2.1(b)(6)(B).

    c.    <u>Chapter 3 Adjustments</u>. The parties agree that the base level offense is increased by **2 levels** because the defendant engaged in reckless endangerment during his flight from police. U.S.S.G. § 3C1.2

    d.    <u>Acceptance of Responsibility</u>. The government agrees to recommend that the defendant receive a **2-level** reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). As the defendant has timely notified the government of his intention to enter a plea of guilty, the government agrees to recommend that the defendant receive an additional **1-level** reduction pursuant to U.S.S.G. § 3E1.1(b). Whether these reductions will be imposed shall be determined by the Court in its discretion. However, the defendant understands and agrees that the government's recommendations are conditioned upon the

5

following: (1) the defendant testifies truthfully during the change-of-plea and sentencing hearings; (2) the defendant provides full, complete, and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing, including frivolously denying facts in the Presentence Report. Nothing in this agreement limits the right of the government, pursuant to U.S.S.G. § 3E1.1 and/or § 3C1.1 to seek denial of a reduction for acceptance of responsibility or an enhancement for obstruction of justice should the defendant engage in any conduct inconsistent with acceptance of responsibility, including moving to withdraw his guilty plea after it is entered.

e. Criminal History Category. The parties believe that, at the time of sentencing, the defendant will fall into **Criminal History Category III**. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the pre-sentence investigation reveals any prior adult or juvenile sentences that should be included within his criminal history under the United States Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this plea agreement. U.S.S.G. § 4A1.1.

f. Guidelines Range. If the adjusted offense level is **25**, and the criminal history category is **III**, the Sentencing Guidelines range is **70-87 months.**

g. Fine Range. If the adjusted offense level is **25**, the Sentencing Guidelines fine range is $20,000 to $200,000. U.S.S.G. § 5E1.2(c)(3).

h. Supervised Release. The Sentencing Guidelines call for require a term of supervised release of at least 1 but not more than 3 years. U.S.S.G. § 5D1.2(a)(1).

8. **Revocation of Supervised Release.** The defendant understands that if he were to violate any supervised release condition while on supervised release, the

6

Court could revoke his supervised release, and he could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). U.S.S.G. §§ 7B1.4 and 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that he be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

9. **Discretion of the Court.** The foregoing stipulations are binding on the parties, but do not bind the Probation Office or the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court or the Probation Office determines that the applicable guideline calculations or the defendant's criminal history category are different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

10. **Agreements as to Sentencing Recommendation.** The parties are free to recommend whatever sentence they deem appropriate. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

11. **Special Assessment.** The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is

7

convicted, pursuant to U.S.S.G. § 5E1.3. The defendant agrees to pay the $100 special assessment.

12. **Restitution.** Pursuant to § 3663A(a)(3), the defendant agrees to pay $3,030 in restitution to individual S.P.

13. **Forfeiture.** The defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearm with accessories and any ammunition involved in the violation charged in Count One of the Indictment, including but not limited to the Glock GMBH Model 19 9mm pistol bearing serial number BVGY593, with magazine, auto sear device, and ammunition seized therewith.

The defendant agrees that the United States may, at its option, forfeit such property through civil, criminal, or administrative proceedings, and waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest he may have in the property. The defendant also consents to the destruction of the property described above and waives all statutory and constitutional defenses to their forfeiture.

14. **Waivers of Appeal and Collateral Attack.** The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, the defendant's waiver of the right to appeal guilt or innocence, sentence, restitution, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by the defendant of the substantive reasonableness of a term of imprisonment

above 87 months, and an appeal by the government of the substantive reasonableness of a term of imprisonment below 70 months. The defendant also waives the right to petition under 28 U.S.C. § 2255, except based upon a claim of ineffective assistance of counsel.

The defendant has discussed the waivers of appeal with his attorney. The defendant understands the rights being waived, and he waives those rights knowingly, intelligently, and voluntarily.

15.    **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552 and 552A.

16. **Complete Agreement.** The defendant acknowledges that he has read this plea agreement and has carefully reviewed each provision with his attorney. The defendant further acknowledges that he understands and voluntarily accepts every term and condition of this plea agreement. This plea agreement, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant.

Date: 12/6/22

ANDREW M. LUGER
United States Attorney

MELINDA A. WILLIAMS
Assistant United States Attorney

Date: 12/6/22

IMPERIAL FRAZIER
Defendant

Date: 12/6/22

JOSHUA LONDON
Counsel for Defendant

10